{¶ 67} While I concur in the outcome and agree with the greater part of the majority's reasoning in this case, I write separately in order to express my reservations with respect to language in that part of the majority's decision addressing the effect of the Washington County contempt payments. In doing so I hope to clarify and limit the precedent we set with this decision.
 {¶ 68} The posture of the present case, as the majority notes, unfortunately does not allow a full and unfettered analysis of former R.C. 1309.37 and its successor provisions, current R.C. 1309.404 and 1309.406. It is clear, however, as was stated in Justice Stratton's concurrence in Roslovic II, that the possibility of suffering liability in the form of double payments is an intended consequence of the statute and provides the necessary "incentive for the account debtor to honor the assignment [as] the penalty that the account debtor will be assessed for payments made directly to an assignor." RoslovicII, at 120 (Lundberg-Stratton, J., concurring).
 {¶ 69} The risk of double payment is thus the consequence accepted by a debtor who makes payment in derogation of an assignment, and this is true no matter how difficult the commercial realities that lead the debtor to make that decision. In light of this clear objective standard, I believe the majority places undue emphasis, when declining to enforce a potential triple payment by Roslovic arising out of the Washington County contempt judgment, on the "onerous" nature of the double payment already endured by Roslovic. While I otherwise agree with the characterization of the amounts paid in the Washington County case as enforced payments on pre-existing obligations, rather than an additional penalty, I do so purely based upon the language of the Washington County decisions and not upon the burden that might otherwise be placed upon Roslovic to make double or triple payments. The existence of such payments would be entirely the consequence of proper application of the law to Roslovic's failure to honor the assignment of which Roslovic had notice, or to obey the garnishment order entered by the Washington County Court of Common Pleas. I therefore am reluctant to introduce what are essentially equitable concepts to this case where they are both inapplicable and unnecessary to the ultimate resolution of this issue.